## Case No. 14,504.

### UNITED STATES v. BALE.

[Hoff. Land Cas. 92.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT—NAME OF GRANT—REPORT — EXPERTIENTE—GENUINENESS.

No objection to this claim urged by the United States.

Claim [by the heirs of Edward A. Bale] for four leagues of land [the Rancho Carne Humana] in Napa county, confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.

Halleck, Peachy & Billings, for appellee.

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

HOFFMAN, District Judge. It appears from the expediente in this case that Edward A. Bale on the 14th of March, 1841, petitioned Governor Alvarado for a tract of land in Sonoma, and appended to his petition a report of the commanding general showing the land to be vacant. The application to the commanding general and his marginal order thereon are found in the expediente, from which it appears that the land asked for was called by the Indians "Huilic Noma." This application is dated September 12, 1840, and the commanding general, by his marginal order, gives permission to the applicant to occupy the land, directing him to petition the political chief for the corresponding title. In the petition to the governor, made in pursuance of this order, the name of the land is not given, and the petitioner promises to present a map of the tract solicited. In the order of concession by the governor, the land is called "Huilic Noma," and the corresponding title is ordered to be issued to the party. In the draft of this title, found in the expediente and dated March 14, 1851, the land is designated by the same name. But in the formal document delivered to the grantee, which bears date on the 23d of June, 1841, the land is called "Carne Humana," and the boundaries are designated with more particularity, and apparently in conformity with the map which accompanies the expediente. The grant does not allude to this map, but it is most probable, as supposed by the board, that the map which the petitioner promised to present had been furnished in the interval between the 14th of May, the date of the order of concession and the draft of the title in the expediente, and the 23d of June, the date on which the formal title was executed to the grantee. There seems no reason to doubt that the land petitioned for and conceded on the 14th of May is the same as that for which the title issued on the 23d of June.

It appears in proof that the grantee occupied the land called "Carne Humana" as early as 1838; that he built a house on it, cultivated a considerable portion of it, and continued to reside on it until his death. His family was living upon it at the time the depositions were taken before the board. It further appears, that judicial possession was given to Bale on the 11th and 12th of September, 1845, with the usual formalities required by the Mexican laws. This fact is established by the evidence of the alcalde, and the colindantes who officiated on the occasion—the records of the proceedings, which had been deposited in the alcalde's office at Sonoma, being shown to have been destroyed at the time the office was taken possession of by the "Bear Flag" party. The genuineness of the signatures to the original document is proved. The claim was confirmed by the board, and has been submitted to us without argument, or the statement of any objection on the part of the United States to its confirmation. We see no reason to doubt its

validity, and think a decree of confirmation must therefore be entered.

The transcript in this case contains several petitions of intervention by different parties, claiming portions of the land originally granted to Bale, under various conveyances. The board, in accordance with its decision in case No. 2 on their docket, have not attempted to adjudicate upon the conflicting titles of these claimants, and have merely affirmed the validity of the original grant, leaving the adverse titles of the heirs and other claimants under the original grant to be litigated before the ordinary tribunals. No appearance in this court has been entered, except on behalf of the original claimants before the board; nor is any objection made to an affirmation of the decree of the board in its present form, except that in this case, as in all cases of claims confirmed by the board, an appeal has been taken on the part of the United States. We think, therefore, that the decree of the board should be affirmed.